[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Metro Square, LLC, has moved (#109) to disqualify the law firm of Boatman, Boscarino Grasso from representing two of the defendants, Lucius Pettingill and Thomas Kane. The plaintiff is the assignee of the second and third mortgages on the Metro Square Shopping Center in Middletown. Pettingill and Kane are the sole general partners of Middletown Metro Associates, the owner of the subject shopping center.
The plaintiffs contend that two different sections of the Rules of Professional Conduct require the disqualification of Boatman, Boscarino Grasso as counsel to the defendants. One section is Rule 1.7(b), which provides that a lawyer shall not represent a client if such representation will be "materially limited" by the lawyer's "own interests." In other words, the lawyer's own interests must not interfere with the duty of loyalty owed to the client. In this case, the law firm owes its clients, Pettingill and Kane, a duty of loyalty. The plaintiffs claim that the interests of Pettingill and Kane may be adverse to each other, and that Attorney Boatman may have obtained confidential information from both clients, and therefore that Boatman has an "irreconcilable conflict of interest." The plaintiff also claims that Boatman may be made a defendant and that his interests "may be materially adverse" to those of Pettingill and Kane. However, the plaintiff has not made any showing that Boatman, Boscarino Grasso has any interests that are adverse to its clients, Pettingill and Kane, or that Attorney Boatman was acting in any capacity other than as counsel to the defendants.
It is indeed difficult to discern the basis for an alleged CT Page 7326 violation of Rule 1.7(b) on the part of the law firm in the sense that the firm's duty of loyalty to the clients is impaired. Clearly, the right of these two defendants to freely select counsel of their own choice outweighs the plaintiff's concerns.
The other ground for disqualification is Rule 3.7(a) of the Rules of Professional Conduct which precludes an attorney from representing a client where the attorney is going to be a witness. In this present case, the plaintiff indicates that Attorney Boatman, who is not a named defendant, will be called as a witness. The issue is whether this fact precludes Attorney Boatman's own law firm from representing the two named defendants. Rule 3.7(b) provides that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Rule 1.7 has already been discussed and the conclusion was that this rule is not violated by Boatman, Boscarino Grasso's representation of Pettingill and Kane. Rule 1.9 concerns representation of a "former client" and is not relevant to this case. Thus, Rule 3.7(b) is not violated.
Since neither of the Rules of Professional Conduct cited by the plaintiff has been found to be applicable, its motion to disqualify Boatman, Boscarino Grasso from representing Pettingill and/or Kane is denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of December, 1996.
WILLIAM B. LEWIS, JUDGE